**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3991-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS CREAM,

     Defendant-Appellant.

_____

Submitted September 16, 2024 – Decided October 15, 2024

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-03-0502.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the briefs).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his petition for post-conviction relief ("PCR"), claiming ineffective assistance of trial and appellate counsel in failing to correct the record regarding the actual number of his prior operating a vehicle under the influence of drugs or alcohol ("DUI") offenses and in finding Rule 3:22-4 barred his PCR petition because it included issues he did not raise on direct appeal. We agree with the trial court that defendant failed to demonstrate a prima facie case of ineffective assistance of counsel because the sentencing court did not rely upon the actual number of prior DUIs in its determination to suspend defendant's driving privileges for fifteen years – the only issue before us. Additionally, because we address defendant's PCR petition substantively, we decline to address whether the defendant's petition was barred by Rule 3:22-4.

I.

We derive the following facts from the record. After ingesting alcohol in a volume registering more than twice the legal limit, defendant caused a car accident resulting in the death of his passenger, the mother of two of his children. The driver and passenger of another vehicle involved in the accident also suffered injuries.

A-3991-22

Defendant was charged with second-degree reckless death by auto, in contravention of N.J.S.A. 2C:ll-5(a) (count one); and two counts of fourth-degree assault by auto, in contravention of N.J.S.A. 2C:12-l(c)(2) (counts two and three). He faced a maximum of thirteen years in prison.

On September 16, 2019, defendant entered a guilty plea to all three counts in exchange for a recommendation of a maximum six-year prison term with an 85% parole disqualifier pursuant to the No Early Release Act ("NERA")[1] for count one. Defendant reserved the right to argue for a sentence in the third-degree range, with a minimum three-year term subject to NERA. On counts two and three, the State recommended a concurrent eighteen-month flat prison term. Defendant also indicated an intention to pursue the statutory mandatory minimum five-year driver's license suspension.

Defendant was sentenced to an aggregate six-year prison term with an 85% parole disqualifier and three years of parole supervision on count one, and two eighteen-month flat prison terms on counts two and three, to run concurrently with count one. The trial court also suspended defendant's driving privileges for fifteen years. Requisite fines and penalties were imposed, and the court dismissed the traffic tickets including a DUI citation.

---

[1] N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal, claiming solely the excessiveness of the sentence, and the matter was heard on the excessive sentence oral argument calendar, where we affirmed the sentence. State v. Cream, No. A-1900-19 (App. Div. Sept. 23, 2020). Defendant did not seek certification to the Supreme Court. Defendant subsequently filed a motion to reduce the sentence, which was also denied. Thereafter, defendant filed his first petition for PCR, which was denied. This appeal followed.

II.

The sole issue before us is whether defense counsel's failure to accurately read and argue defendant's prior history of DUI convictions before the sentencing and appellate courts, for the purposes of the fifteen-year suspension of defendant's driver's license, triggers the second prong of Strickland v. Washington, 466 U.S. 668 (1984). We agree with the PCR court it does not and affirm.

A trial court's decision to deny a PCR petition without an evidentiary hearing is reviewed de novo. See State v. Jones, 219 N.J. 298, 311 (2014). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

A-3991-22

Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

With respect to prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Pursuant to prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The parties concede defendant's driver's abstract before the court on the date of sentencing demonstrated defendant had four prior DUIs – an inaccurate number as defendant had two prior DUI convictions. Defendant maintains he has established a prima facie case of ineffective assistance of trial counsel based upon his trial and appellate counsel's failure to correct the record and inform the court of the correct number of prior DUIs.

N.J.S.A. 2C:11-5(b)(4) provides if a driver under the influence of alcohol causes the death of another by recklessly driving a motor vehicle, the driver's "license to operate a motor vehicle shall be suspended for a period of between five years and life, which period shall commence upon completion of any prison sentence imposed upon that person." Ibid.

Thus, although the mandatory minimum suspension was a period of five years, defendant was facing the possibility of a lifetime suspension of driving privileges, regardless of the correct number of prior DUIs. As recognized by the PCR court, the sentencing court did not specifically reference the number of prior DUI convictions in its decision to revoke defendant's driving privileges for fifteen years. Instead, it called defendant a "scofflaw" and mentioned "defendant's very lengthy history of driving infractions, including prior convictions for driving under the influence and driving while suspended or revoked" before imposing the fifteen-year license suspension.

Likewise, the PCR court, in denying the petition, found the "driver's license suspension [to be] appropriate," and it should not "modify [the suspension] on this record," stressing the severity of the consequences, which included one death and two other injuries.

We agree with the PCR court that, absent a specific mention of the precise number of prior DUI convictions by the sentencing judge, defendant's appeal fails to demonstrate ineffective assistance of counsel pursuant to Strickland. Even assuming defendant meets the first prong of Strickland because defense counsel failed to correct the driver's abstract record, there is sufficient credible evidence in the record that the sentencing court's decision to suspend defendant's

A-3991-22

driving privileges for fifteen years did not rest on a particularized finding that defendant had four – rather than two – prior DUI convictions. Importantly, defendant's driving privileges were suspended pursuant to N.J.S.A. 2C:11-5(b)(4), the reckless death by auto statute, and not pursuant to a subsequent DUI where the number of prior DUIs would have been a controlling factor. Defendant has not demonstrated the outcome would have been different had his counsel corrected the record, as required by the second prong of <u>Strickland</u>. The record contains ample support for the sentencing court's imposition of the fifteen-year suspension, even with only two prior DUI convictions, and the PCR court's denial of defendant's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3991-22